FERDINAND KUHN v. THE COMMON COUNCIL OF THE CITY OF DETROIT.

*Constitutional law—Due process of law—Property rights—Sureties on a liquor-dealer's bond—Rights and privileges of.*

1. The provisions of Act No. 313, Laws of 1887, prohibiting a dealer in liquor from becoming surety upon a liquor-dealer's bond, is in violation of the constitutional principle that no person shall be deprived of life, liberty, or property without due process of law ; and also of the fourteenth amendment to the Federal Constitution.

2. Property does not consist merely of the title and possession, but includes the right to make any legal use of it, and the right to pledge or mortgage, or to sell and transfer, it.

3. The right to contract a debt or other personal obligation is included in the right to liberty, and is also a right of property.

*Mandamus.* Submitted May 15, 1888. Granted June 8, 1888.

Relator applies for *mandamus* to compel respondent to approve of a liquor-dealer's bond. The facts are stated in the opinion.

*F. A. Baker,* for relator.

*John W. McGrath,* for respondent.

LONG, J. The relator, Ferdinand Kuhn, a resident of the

city of Detroit, makes application for *mandamus* to the common council of the city of Detroit, and claims—

"That he is engaged in the business of retailing brewed and malt liquors at No. 18 Michigan avenue, in the city of Detroit, and desires to continue such business during the year next ensuing the 1st day of May, 1888."

On April 12, 1888, relator, by his attorney, presented to the common council of the city of Detroit a bond executed by relator, with two sureties, to enable him to comply with the provisions of Act No. 313, Laws of 1887, which bond had indorsed thereon the affidavit of justification by such sureties. Michael Martz, one of said sureties, is the president of the Detroit Brewing Company, a corporation organized under the laws of the State of Michigan, engaged in the manufacture and sale of brewed and malt liquors in said city of Detroit. William P. Ratigan, the other surety, is secretary of the Bavarian Brewing Company, a corporation organized under the laws of this State, and also engaged in the manufacture and sale of brewed and malt liquors in the city of Detroit, and both said sureties are residents of the city of Detroit.

Section 8 of said Act No. 313 provides that—

"There shall also be annexed to each bond required by this act an affidavit of each surety thereto, which affidavit shall state that the affiant is not engaged either as principal, agent, or servant, in the sale of any liquors mentioned in this act; that he is not a surety upon any other bond required by the provisions of this act," etc.

The affidavit annexed to the bond so presented to the common council of the city of Detroit reads as follows:

"STATE OF MICHIGAN, } ss.
"County of Wayne, }

"Michael Martz and William P. Ratigan, sureties on the above bond, being duly sworn, each for himself doth depose and say that he is a male resident and freeholder of the township, village, or city in which such bond is offered, and that he does not hold any elective or appointive office in any

county, city, village, or township of this State, and that he is worth, in real estate situated within the county in which such business is proposed to be carried on, a sum equal to the amount of the bond, over and above all indebtedness and exemptions from sale on executions."

This bond, with the affidavit annexed as above set forth, was presented to the common council of the city of Detroit, who refused to accept the same, for the reason that the affidavits of the sureties annexed to said bond were not in accordance with the requirements of the statute. The bond was in the form prescribed by the statute, with a penalty of $3,000. An order to show cause was issued by this Court at the last term, and the respondent admits by its answer the facts set forth in the petition of the relator. The affidavit is in substantial compliance with the statute, except that it omits to state that each surety is not engaged, either as principal, agent, or servant, in the sale of any liquors mentioned in the act, and that neither is surety upon any other bond required by the provisions of the act.

It is claimed by the counsel for the relator that said provision of the act is unconstitutional and void, in that it is in conflict with the provisions of the Constitution of this State that—

"No person shall be deprived of life, liberty, or property without due process of law;"—

And also that it is in conflict with the fourteenth amendment to the Constitution of the United States, that—

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The act requires the sureties to be residents and freeholders of the township, village, or city in which the business is proposed to be carried on, and each of whom must justify in

real estate situate in the same county. These provisions go to the sufficiency of the sureties, and the facilities of collecting a judgment from them, and are reasonable restrictions upon the right to carry on the business.

The provision, however, of this act, prohibiting a person, because of the business in which he is engaged, from entering into contracts of a certain class, the same being open to all other persons, would be a violation of the constitutional principle that no person shall be deprived of life, liberty, or property without due process of law. The right to sign a bond, or to enter into any other contract, cannot be made to depend upon the business in which one is engaged. The right to sell liquor in this State is made lawful, under certain conditions and restrictions, by the act itself.

" By the term liberty, as used in the provision, something more is meant than mere freedom from physical restraint. * * * It means freedom to go where one may choose, and to act in such manner, not inconsistent with the equal rights of others, as his judgment may dictate for the promotion of his happiness; that is, to pursue such callings and avocations as may be most suitable to develop his capacities and to give them their highest enjoyment." Field and Strong, JJ., in *Munn v. Illinois*, 94 U. S. 142.

We agree with the learned counsel for the relator that property does not consist merely of the title and possession. It includes the right to make any legal use of it, and the right to pledge or mortgage it, or to sell and transfer it.

The right to contract a debt or other personal obligation is included in the right to liberty; and the right to contract a debt, or to enter into a bond or other writing obligatory, is also a right of property. Signing bonds for other parties may be the result of friendship, or because of business interests; but the right to pledge one's estate is as much a right of property as either the title or possession.

This provision is also a plain violation of the fourteenth

amendment to the Constitution of the United States. A somewhat similar question came before the Supreme Court of the United States in the case of *Yick Wo v. Hopkins,* 118 U. S. 356 (6 Sup. Ct. Rep. 1064). An ordinance of the city and county of San Francisco made it unlawful for any person to carry on a laundry business within the corporate limits, without having first obtained the consent of the board of supervisors, unless the laundry was located in a brick or stone building. It appeared that there were about 320 laundries in San Francisco; that 310 of them were in wooden buildings; that 240 of them were owned and conducted by Chinamen; that 200 of said Chinamen had applied to the board of supervisors for permission to do business; and that all of said applications, with one exception, were denied.

The Court held—

1. That the ordinance was invalid, because it undertook to confer arbitrary power on the supervisors to deprive a person of the right to carry on his business.

2. That though a law may be fair on its face, and impartial in appearance, yet if it be applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discrimination between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the fourteenth amendment.

3. That the fourteenth amendment is not confined to the protection of citizens, but extends to all persons

We think the objections made by the relator to this part of the act well taken, and that the same is in violation of our own Constitution, as well as the fourteenth amendment to the Constitution of the United States, and void.

The writ will issue, as prayed.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.