PFISTER and another, Appellants, vs. MILWAUKEE ELECTRIC RAILWAY COMPANY and another, imp., Respondents.

*September 6 — September 27, 1892.*

*(1) Corporations: Hypothecation of bonds: Illegal issue. (2) Costs of appeal.*

1. When a corporation hypothecates its bonds as security for a loan, it *issues* them, within the meaning of sec. 1753, R. S., and if it is not stipulated that they shall be accounted for at not less than seventy-five per cent. of their par value, the bonds so issued are void.

2. Upon the affirmance of an order sustaining a demurrer to the complaint, the respondent is not allowed costs for printing an appendix to the case, containing pleadings and proceedings in another action between the same parties which were of no significance in the determination of the demurrer.

APPEAL from the Circuit Court for *Milwaukee* County.

Plaintiffs are holders of the bonds of the defendant railway company, and they bring this action to enforce an equitable lien on the property of the defendant for the amount of such bonds, under and by virtue of a mortgage executed by the company on such property to a trustee to secure the payment of the bonds. The history of the transactions through which plaintiffs became the holders of such bonds is set out in the complaint, and is sufficiently stated by Mr. Justice PINNEY in the opinion in the action in these defendants against the plaintiffs and others, *ante*, p. 64. It is sufficient to state here that the bonds in question — being 250 bonds of the defendant company for $1,000 each — were delivered by the company to the plaintiff *Pfister* as a collateral security for a loan of $125,000, made by him to the company. *Pfister* subsequently sold 100 of these bonds to the plaintiff *Vogel* for $50,000. When the bonds were so delivered to *Pfister*, there was no agreement that they should be accounted for at any stipulated price. In case the company failed to repay the loan when due, he

was authorized to sell the bonds, without restriction as to price, and apply the proceeds in repayment of the loan. When *Pfister* sold the 100 bonds to *Vogel* he applied $50,000 on the debt.   He also realized $5,000 on the sale of some stock of the company, also held by him as collateral security for the same loan.   Nothing more has been paid on the loan.

The court treated a motion by plaintiffs for judgment on the pleadings and on the record in the action above mentioned, as a demurrer to the answer, and sustained the same as a demurrer to the complaint.   No question is made of the regularity of the practice.   The plaintiffs declined to amend their complaint, and thereupon the court gave judgment for the defendants on the demurrer, dismissing the complaint with costs.   The plaintiffs appeal from such judgment.

For the appellants there were briefs by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.*   They contended, *inter alia,* that the pledge of these bonds did not violate sec. 1753, R. S., either in letter or .in spirit.   As to the meaning of the word *void* in that section, see *Beecher v. M. & P. R. M. Co.* 45 Mich, 103–108; *Herdegen v. Cotzhausen,* 70 Wis. 589; Cook, Stock, sec. 29, n. 6; *Green v. Kemp,* 13 Mass. 515; *State v. Richmond,* 26 N. H. 232.   It has been customary for corporations to pledge their own bonds as collateral to their own paper and at a small percentage of the face of the bonds.   With great unanimity the courts have recognized such pledges and enforced them in favor of the pledgees to the amount of the debt due.   *Jesup v. City Bank,* 14 Wis. 351; *Union Nat. Bank v. Roberts,* 45 id. 373–379; *Drury v. Cross,* 7 Wall. 299; Cook, Stock (2d ed.), sec. 51*a*, n. 1; *Union Cattle Co. v. International Trust Co.* 149 Mass. 492; *Re Regents Canalworks Co.* 3 Ch. Div. 43, 17 Eng. (Moak), 784; *Duncomb v. N. Y., H. & N. R. Co.* 88 N. Y. 1; *Beecher v. M. & P. R. M. Co.* 45 Mich. 103;

*Curtis v. Leavitt*, 15 N. Y. 14. These bonds were never issued. Chitty, Bills, 209; 2 Randolph, Comm. Paper, sec. 795; *Burgess v. Seligman*, 107 U. S. 20–28; *Union Sav. Asso. v. Seligman*, 92 Mo. 636; *Matthews v. Ebert*, 25 Md. 527; *Re City Terminus Hotel Co.* L. R. 14 Eq. 10; *Sturges v. Stetson*, 1 Biss. 248; *Ex parte Holmes*, 5 Cow. 426; *Ex parte Barker*, 6 Wend. 510; *Peterborough R. Co. v. Nashua R. Co.* 59 N. H. 385. .

For the respondents there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin*.

LYON, C. J. The learned circuit judge held that the bonds in question were issued in violation of sec. 1753, R. S., and were therefore void. So much of the section as is applicable to this case is as follows: "No corporation shall issue . . . any bonds . . except for money, labor, or property, estimated at its true money value, actually received by it, equal to seventy-five per cent. of the par value thereof; and all . . . bonds issued contrary to the provisions of this section . . . shall be void."

We are clearly of the opinion that the circuit judge ruled correctly. The object of the statute is to protect stockholders and *bona fide* creditors from the improvident issue of its bonds by the corporation, which might, and if allowed probably would, result in the wrecking of the corporation. Hence the statute requires that no corporate bonds shall be issued unless the company shall actually receive therefor seventy-five per cent. of their par value. When a corporation puts its bonds beyond its control by hypothecating them as security for loans, or for any other purpose, or in any other manner, it *issues* them, within the meaning and intention of the statute. If it so hypothecates them without stipulating that they shall be accounted for at not less than seventy-five cents on the dollar of their par value, it violates the statute, and the bonds thus is-

sued are void. Any other construction would render the statute a dead letter, thus defeating all the wise and salutary purposes it was intended to accomplish. Had the company sold *Pfister* the 250 bonds for $125,000, it would have been a safer transaction for stockholders and *bona fide* creditors of the corporation, for in that case nothing would have remained due to *Pfister*. But now, if this transaction is upheld, *Pfister* may sell his remaining bonds for twenty-five cents on the dollar of their face value, or less, and thus leave due him a large debt from the company, while the company would remain liable for the full face value of the bonds. No construction of the statute which would permit such an evasion of its provisions can be tolerated.

The judgment of the circuit court is affirmed.

A printed document was presented on the argument by counsel for defendants, denominated "An appendix to the case," 134 pages of which consist of the pleadings in the action of the defendants *Hinckley* and the electric railway company against the present plaintiffs and others, above mentioned, and the examination of certain of the parties thereto, under sec. 4096, R. S. These proceedings have no significance in the determination of the demurrer as a demurrer to the complaint, and should not have been printed. The clerk will make no allowance therefor in the taxation of costs.

*By the Court.*— Judgment affirmed.