ANDREWS et al. v. NATIONAL FOUNDRY & PIPE WORKS, Limited, et al.

(Circuit Court of Appeals, Seventh Circuit. April 6, 1896.)

No. 283.

APPEALABLE DECREES—FINALITY.
In a creditors' suit against a corporation and certain of its stockholders, who were also its mortgagees, a decree was entered, which, among other things, fixed the amounts due to both secured and unsecured creditors, and adjudged that certain creditors had liens superior to the mortgages; that the corporate property and franchises be sold to satisfy the same; that the individual defendants were holders of specified amounts of unpaid stock, and should pay the specified demands of the unsecured creditors. *Held,* that this decree was final and appealable as to these provisions, and would not be dismissed.[1]

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

This was a creditors' bill filed by the National Foundry & Pipe Works, Limited, against the Oconto City Water Supply Company, S. D. Andrews, W. H. Whitcomb, and others. An order granting a preliminary injunction was reversed on appeal by this court. See 10 C. C. A. 60, 61 Fed. 782. Various other creditors interfered, and, after full hearing on the merits (68 Fed. 1006), a decree was entered fixing the rights of all the parties. Defendants appeal. Motion to dismiss.

Before WOODS and SHOWALTER, Circuit Judges.

[1] As to the finality of decrees of the federal courts for purposes of appeal, see note to Trust Co. v. Madden, 17 C. C. A. 238.

WOODS, Circuit Judge. The appellees have joined in a motion to dismiss this appeal on the ground that the decree was not final. The brief in support of the motion contains this statement:

"The bill was filed, alleging, among other things, that the defendants Andrews and Whitcomb were personally liable to the complainant and other creditors for the amount of their claims, upon the ground that they were the owners and holders of stock for which no consideration had been paid. The prayer for relief asked that such stockholders be adjudged to pay the claims of the creditors. The decree entered ascertains and fixes the amount due to both the secured and unsecured creditors, and adjudges that the complainant, National Foundry & Pipe Works, Limited, and the intervener, R. D. Wood & Co., have mechanics' liens upon the property of the Oconto Water Company prior to all other liens, and that they are authorized to proceed to the enforcement of such liens in accordance with the decrees of the court establishing the same. The decree contains the following further provision: 'That said defendants, S. D. Andrews, and W. H. Whitcomb, be, and they are hereby, ordered and required, and are hereby adjudged, to pay the amounts respectively adjudged due to the above-mentioned unsecured creditors, to wit, Chapman Valve Manufacturing Company, Sherwood, Sutherland & Company, Dickinson Brothers & King, and Cook & Hyde, together with their respective costs, as herein adjudged, and also that said defendants S. D. Andrews and W. H. Whitcomb, be, and they are hereby, ordered and required to pay any deficiency that may be found due to said secured creditors, to wit, the said National Foundry & Pipe Works, Limited, and the said R. D. Wood & Co., if any there shall be after applying to the satisfaction of their said respective mechanic's lien decrees hereinbefore referred to the proceeds of the sales made thereunder; the amount of such deficiency being made to appear to the satisfaction of this court, and an order for such payment entered at the foot of this decree.'"

The authorities cited in support of the motion are: McGourkey v. Railway Co., 146 U. S. 536, 13 Sup. Ct. 170; Elder v. McClaskey, 17 C. C. A. 251, 70 Fed. 529, 557; Hohorst v. Packet Co., 148 U. S. 262, 13 Sup. Ct. 590,—distinguishing Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690, and approving Montgomery v. Anderson, 21 How. 386.

The brief for the appellees contains the following fuller statement of the decree:

"The case went to hearing upon the pleadings, proofs, and arguments of counsel. The controverted issues raised by the amended pleadings are: First. Whether appellees (the complainant and interveners, R. D. Wood & Co.) had liens upon all of the rights, franchises, and property of the defendant Oconto Water Company and the plant constructed by that company in the city of Oconto, Wis., and, if so, to what extent? Second. Whether, if they had such liens, they were assertable against appellants (Andrews and Whitcomb) who were not parties to the actions in which the decrees were rendered, or as against appellants' interest in the property as purchasers at a sale made under a decree of mortgage foreclosure and sale, and if so, were such liens paramount or subordinate to appellants' interest? Third. Whether appellants were holders of unpaid stock of the defendant Oconto Water Company, and, if so, to what extent? Fourth. Whether there were unsecured creditors of the defendant Oconto Water Company, and, if so, how many and the right amount of the claim of each? Fifth. Whether the bonds of the defendant Oconto Water Company, issued to appellants as collateral security, were void. Sixth. Whether the instruments of mortgage under which appellants claim were made in good faith, and for a valuable consideration, and, if so, whether they were withheld from record by their procurement or with their consent or in fraud of creditors. And, seventh, whether compensation for the services and disbursements of the receiver appointed early in the case by an order subsequently reversed by this court

upon appeal, and of his counsel, should be made out of the funds collected by him during his receivership as the rents, issues, and profits of the water-works plant. All these issues were determined in favor of appellees, except those mentioned in the sixth paragraph above, viz. whether the instruments of mortgage under which appellants claim were made in good faith, and for a valuable consideration, and, if so, whether they were withheld from record by their procurement, or with their consent, or in fraud of creditors, which were determined in favor of appellants. And the decree in terms declares the validity of the mechanic's lien decrees obtained by appellees to the full extent of the amount of each of those decrees, with interest; that appellants were privies to and concluded by said lien decrees; that each of said lien decrees was, as a lien, prior to the instruments under which appellants claim, and to all other liens or rights of appellants in the property, and should be enforced, and specifically authorized appellees to proceed to the enforcement and satisfaction of their respective mechanics' liens upon and against the franchises and property of said Oconto Water Company 'in accordance with and as provided in their respective decrees establishing the same'; that appellants were stockholders of the defendant Oconto Water Company, of its unpaid stock, amounting to $100,000, and 'liable for all unpaid amounts upon such stock so far as may be necessary to discharge the indebtedness of said Oconto Water Company, not exceeding, however, the sum of $100,-000'; that defendant Oconto Water Company's indebtedness to unsecured creditors was as follows, viz.: To Chapman Valve Manufacturing Co. on a judgment, for the sum of $838.88, with interest; to Sherwood, Sutherland & Co. for $790.22, with interest; to Dickinson Bros. & King for the sum of $341.63, with interest, and to Cook & Hyde for the sum of $85, with interest; that appellants pay 'the amounts respectively adjudged due to the above-mentioned unsecured creditors (naming them), together with their respective costs as herein adjudged; and also that said defendants S. D. Andrews and W. H. Whitcomb be, and they are hereby, ordered and required to pay any deficiency that may be found due to said secured creditors, to wit, the National Foundry & Pipe Works, Limited, and the said R. D. Wood & Co., if any there shall be after applying to the satisfaction of their said respective mechanics' lien decrees hereinbefore referred to the proceeds of the sales made thereunder, the amount of said deficiency being made to appear to the satisfaction of this court, and an order for such payment entered at the foot of this decree'; that the bonds issued by the defendant Oconto Water Company and held by appellants were void, and that they be delivered up to the clerk of the court to be canceled; that the receiver be paid for his services, and disbursements and for those of his counsel the sum of $5,000 out of the moneys collected by him 'arising from the operation of said plant by said receiver'; and that complainant recover of the appellant its costs in the suit, taxed at the sum of $254, and have execution for their collection. Andrews and Whitcomb, the Oconto City Water Supply Company, and the city of Oconto (defendants below) prayed an appeal from the decree, which the court allowed."

The authorities cited in opposition to the motion are: Trust Co. v. Madden, 25 U. S. App. 430, 17 C. C. A. 238, 70 Fed. 451; Elder v. McClaskey, supra; Farmers' Loan & Trust Co., Petitioner, 129 U. S. 206, 9 Sup. Ct. 265; Dainese v. Kendall, 119 U. S. 53, 7 Sup. Ct. 65; Bank v. Sheffey, 140 U. S. 445, 11 Sup. Ct. 755; Grant v. Insurance Co., 106 U. S. 429, 1 Sup. Ct. 414; St. Louis, I. M. & S. R. Co. v. Southern Exp. Co., 108 U. S. 24, 2 Sup. Ct. 6; Ex parte Norton, 108 U. S. 237, 2 Sup. Ct. 490; Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690; Forgay v. Conrad, 6 How. 202; Whiting v. Bank, 13 Pet. 15; French v. Shoemaker, 12 Wall. 86; Railroad Co. v. Fosdick, 106 U. S. 82, 1 Sup. Ct. 10; Dufour v. Lang, 4 C. C. A. 663, 2 U. S. App. 477, 54 Fed. 913; Blossom v. Railroad Co., 1 Wall. 655; Bronson v. Railroad Co., 2 Black, 528; Railway Co. v. Sim-

mons, 123 U. S. 52, 8 Sup. Ct. 58; Marin v. Lalley, 17 Wall. 14; Fleitas v. Richardson, 147 U. S. 538, 13 Sup. Ct. 429.

We are of opinion that, in so far, at least, as it was determined that the decrees which had been obtained by the National Foundry & Pipe Works and R. D. Wood & Co., respectively, were prior to the mortgage of Andrews and Whitcomb, and that the franchises and property of the Oconto Waterworks might be sold to satisfy those decrees; that Andrews and Whitcomb were the holders of unpaid stock, and should pay the demands specified of unsecured creditors; and that the bonds held by the appellants were void, and should be surrendered for cancellation,—the decree was final. The motion is therefore overruled.