ANDREWS et al. v. NATIONAL FOUNDRY & PIPE WORKS, Limited.

CITY OF OCONTO v. SAME.

(Circuit Court of Appeals, Seventh Circuit. January 9, 1897.)

Nos. 283–286.

1. APPEAL—SERVICE OF CITATION—ACCEPTANCE BY ATTORNEY.
A general acceptance of service of a citation upon appeal by an attorney is good for all the parties whom he represents of record, though he signs the admission as solicitor for only some of such parties, without naming others.

2. SAME—WAIVER.
A party named in a citation on appeal, who joins in a motion to dismiss such appeal because the decree is not final, thereby waives service of the citation.

3. SAME—ASSIGNMENTS OF ERROR—REVIEW.
A question which, though not presented by an explicit specification of error, so underlies other questions that a complete and final disposition of the case would be impossible without deciding it, is sufficiently presented by the record to permit its decision by an appellate court.

4. MORTGAGE OF FRANCHISE.
Though it is not affirmed as a general rule that a mortgage of a franchise will include tangible property as an incident, the terms of the franchise here in question, and the evident intent of the parties, give such effect to the mortgage in this case.

5. MORTGAGE FORECLOSURE—COLLATERAL ATTACK.
A sale and conveyance of property, under a decree of foreclosure, cannot be collaterally attacked, in a subsequent suit in the nature of a creditors' bill, to which the mortgagees, with others, are parties, on the ground that they are invalid because of the failure of the decree of foreclosure to comply with a statute concerning the time of sale.

**6. LIS PENDENS—MORTGAGE SALE—MECHANICS' LIENS.**

The doctrine of lis pendens does not apply to the case of one who, pending suits for the foreclosure of mechanics' liens on real property, buys in the property at auction, at a sale under his foreclosure of a mortgage made to, him prior to the commencement of the lienholders' suits, because his title upon such purchase relates back to the date of his mortgage.

**7. CORPORATIONS—DENIAL OF CORPORATE EXISTENCE—ESTOPPEL.**

The legal existence and power to act of a corporation, whose existence de facto has never been questioned, cannot be disputed by parties who derive their only standing in court to make the objection through the assertion that, on contracts with such corporation, they have recovered and hold an unsatisfied judgment against it.

**8. CIRCUIT COURT OF APPEALS—CERTIFICATION OF QUESTIONS TO SUPREME COURT.**

The circuit court of appeals will not certify the questions in a case to the supreme court, except before it decides them, and upon its own motion.

Appeals from the Circuit Court of the United States for the Eastern District of Wisconsin.

This was a suit, in the nature of a creditors' bill, brought by the National Foundry & Pipe Works, Limited, against the Oconto Water Company, S. D. Andrews, and others. The circuit court made a decree in favor of the complainant. 68 Fed. 1006. This decree was reversed by the circuit court of appeals. See 22 C. C. A. 110, 76 Fed. 166, where a full statement of the case will be found. The case is now submitted on petition for rehearing.

Before WOODS and SHOWALTER, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge. The first contention in support of the petition for rehearing is that the decree in favor of the intervening creditors, R. D. Wood & Co., Sherwood, Sutherland & Co., Dickson Bros. & King, and Cook & Hyde, should not be disturbed, because the citation was not served upon them. It is a sufficient answer that a citation was issued, directed to the parties named, and was served upon their attorneys of record in the case, except R. D. Wood & Co., and they waived citation by joining in the motion at our last term to dismiss the appeal because the decree below was not final. 34 U. S. App. 632, 19 C. C. A. 548, and 73 Fed. 516. The making of that motion constituted an appearance in this court. It is true that, in accepting service of the citation, the attorneys subscribed as solicitors for two only of the parties, without naming the others; but, since a citation may be served "upon his attorney or counsel with like effect as upon the party himself" (Tripp v. Railway Co., 144 U. S. 127, 12 Sup. Ct. 655), we are of opinion that a general acceptance of service by an attorney is good for all parties whom he represents of record.

It is next urged that the question whether the mortgage by the Oconto Water Company of its franchises to Andrews and Whitcomb extended to the waterworks plant is not presented by the record, and should not have been considered, and that the conclusion announced is erroneous. The question, it is true, is not directly presented by an explicit specification of error; but it so underlies other questions that a complete and final disposition of the case would be

impossible without deciding it. Our opinion upon the point, it is to be observed, does not state nor imply the broad proposition that the mortgage of a franchise will include tangible property as an incident. The statement is simply that in this instance the mortgage of the franchise carried with it the water plant, because the franchise, as described in the ordinance referred to in the mortgage, expressly included the right to "construct, own, maintain, and operate" the particular plant which was in contemplation, and already in process of construction, when the mortgage was executed. This involves no inconsistency with the proposition that the transfer of tangible property, held and used under a franchise, without which it could not be of use or value, carries the franchise. Monongahela Nav. Co. v. U. S., 148 U. S. 312, 13 Sup. Ct. 622. The reasonable view, and, as we suppose, the equitable rule, is that, when two things are so connected as to be inseparable without destruction, a transfer of either will be deemed to have been intended to carry the other. There is no inherent necessity for holding such a transfer void, and it would be an inadequate system of equity which could require or permit that conclusion. But in this case the intention to include the plant with the franchise is evident, and there is no necessity for entering upon the vain inquiry whether one or the other is the "principal thing." See Eaton v. Railway Co., 51 N. H. 511; Kuhn v. Common Council, 70 Mich. 537, 38 N. W. 470.

The next proposition, now first advanced, is that the sale and conveyance to Andrews and Whitcomb under their decree of foreclosure was void, because made in disregard of the right of redemption under the statute of Wisconsin, which forbids a sale of realty within one year from the date of the decree. Sage v. McLaughlin, 34 Wis. 550, 557. The decree of foreclosure, it is urged, contained no provision for redemption or fixing a date of sale, but expressly provided that the sale should vest the purchaser with the legal title free from any and all claims or equities of redemption. It having been so adjudged by the court that entered the decree that the sale should be absolute, the question cannot be reopened in this collateral way. If there was error in the decree, the remedy was by direct appeal, either from the decree of sale, or from the order of confirmation, which was appealable, and, until set aside, is as conclusive as the decree of foreclosure. Insurance Co. v. Neeves, 46 Wis. 147, 49 N. W. 832; Burley v. Flint, 105 U. S. 247; Turner v. Trust Co., 106 U. S. 552, 1 Sup. Ct. 519; Gibson v. Lyon, 115 U. S. 439, 6 Sup. Ct. 129. If a sale within one year after decree can be made only when the parties have so agreed in writing, it will be presumed, after the order of confirmation, that the requisite stipulation had been filed. The statutes of Wisconsin, to which reference has been made, have not been "printed at length," as required by the third clause of our rule 24; but, if like the statutes of Illinois on the same subject, they are not applicable to such sales as the one in question. Hammock v. Trust Co., 105 U. S. 77.

Upon the proposition, again insisted on, that Andrews and Whitcomb are concluded by the mechanics' lien decrees, it is not deemed

necessary to extend the discussion. The case of Keokuk Ry. Co. v. Missouri, 152 U. S. 301, 314, 14 Sup. Ct. 592, is cited. The opinion in that case supports our conclusion. Robbins v. Chicago, 4 Wall. 657, is one of a large class of cases in which the party sued, if held liable, has recourse on another not sued, but who, if he has notice of the suit, is bound by the result. The case is plainly not in point.

It is asserted "that, by purchasing at public auction on the 12th day of September, 1891," when the suit to foreclose the mechanics' liens was pending, the appellants became purchasers pendente lite, and are therefore bound by the decree establishing those liens the same as if they had been parties defendant. But they were not voluntary purchasers, intervening as strangers. They purchased upon the foreclosure of their own mortgage, which antedated the commencement of the suit of the lienholders, and the title which they obtained related back to the date of their mortgage. The doctrine of lis pendens, as we conceive, does not apply.

Upon the question of stockholders' liability, we are content simply to emphasize the distinction between a pledge of stock by a corporation to secure a corporate debt, and a pledge of shares by one who, as the original subscriber, or the assignee, near or remote, of an original subscriber, is under all the liabilities incident to a subscription for stock, and can put his assignee in no better position. It is, of course, true that a pledge of its stock by a corporation is an issue of the stock pledged, and it may be that, under the Wisconsin statute, stock so pledged for less than the face value should be deemed void, in analogy to the ruling in Pfister v. Railroad Co., 83 Wis. 86, 53 N. W. 27; but it does not follow that the pledgee of the void stock must be held liable as a stockholder to one who has in no way been misled or deceived to his injury.

In view of our conclusion that the mortgage to Andrews and Whitcomb is valid, and covers the plant as well as the franchise of the water company, the question whether the bonds secured by mortgage upon the same property, and assigned to them as collateral security for the same indebtedness, should have been ordered canceled, becomes unimportant.

The question whether appellees, as judgment creditors of the Oconto Water Company, have a right to redeem from the sale made to Andrews and Whitcomb upon their foreclosure decree, to which the appellees were not parties, does not, in our opinion, arise upon this record, and will not be prejudiced by our decision.

It is again urged that we should adhere to our own first decision, rather than follow the later ruling of the supreme court of Wisconsin in respect to the mechanics' liens asserted by appellees; and special reference is made to the opinion of the court of appeals of the Sixth circuit in Louisville Trust Co. v. Cincinnati, 76 Fed. 296. That case involved questions of contract, and not merely, as this case does, the interpretation of a local statute.

Finally it is suggested that, upon the theory of our opinion, the Oconto Water Company, having never issued valid stock, was without stockholders or legal organization, and had no power to give

Andrews and Whitcomb a valid mortgage. Andrews and Whitcomb are estopped by their contracts to deny the corporate existence, and the appellees have their standing in court only upon the assertion that on like contracts they had recovered and hold unsatisfied judgments or decrees against the same entity. Besides, the existence de facto is unquestioned, and the existence de jure can be challenged only by public authority in the manner provided by law. Frost's Lessee v. Frostburg Coal Co., 24 How. 278; 4 Am. & Eng. Enc. Law, pp. 198, 199, and cases there cited. In Wechselberg v. Bank, 24 U. S. App. 308, 12 C. C. A. 56, 64 Fed. 90, the question was of the individual liability, under a special statute, of a subscriber to articles of incorporation upon corporate contracts made before full compliance with the statute in particulars necessary to a complete corporate organization. The case plainly has no bearing upon the present question.

In case a rehearing is denied, we are asked to certify the questions involved to the supreme court. This court is authorized to certify to that court "any questions or propositions of law concerning which it desires the instruction of that court for its proper decision," but that is done before we decide, and only upon our own motion. Railway Co. v. Pope, 20 C. C. A. 253, 74 Fed. 1. It is the privilege of the appellees to move the supreme court for an order requiring the case to be certified to that court for its review and determination. The petition is denied.