In re VALECIA CONDENSED MILK CO..

NATIONAL BANK OF LA CROSSE v. WARNER.

(Circuit Court of Appeals, Seventh Circuit. February 8, 1917.)

No. 2409.

1. CORPORATIONS ⬦474—BONDS—CONSIDERATION—PLEDGE FOR LOAN.
    Bonds of a corporation, pledged by it as collateral security for a loan equal to the par value of the bonds, are issued for more than 75 per cent. of their face value, so as not to be void under St. Wis. 1915, § 1753, providing that no corporation shall issue any bonds, except for money or labor or property, estimated at its true money value, equal to 75 per cent. of the par value thereof.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1854.]

2. CORPORATIONS ⬦474—BONDS—CONSIDERATION—PLEDGE—POWER OF SALE.
    The fact that a pledge of corporate bonds to a bank as security for a loan to the corporation equal to the face value of the bonds authorized the bank to sell the bonds, without expressly stipulating that they should not be sold for less than 75 per cent. of their face value, does not make the bonds void under St. Wis. 1915, § 1753, forbidding a corporation to issue bonds for less than 75 per cent. of the par value thereof, though none of the bonds were returned when payments were made on the loan, where the bank made no attempt to take advantage of its possession of the bonds before the bankruptcy of the corporation, and thereafter offered to return to the trustee all except an amount which at 75 per cent. of their par value equaled the amount still due on the loan, since it will not be presumed that the bank intended to violate the law, and an agreement to deal with the bonds in a legal manner will be implied.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1854.]

Appeals from the District Court of the United States for the Western District of Wisconsin; Ferdinand A. Geiger, Judge.

In the matter of the Valecia Condensed Milk Company, bankrupt. From a judgment of the District Court (233 Fed. 173), holding, on petition of Paul S. Warner, as trustee, that certain bonds issued by the bankrupt and held by National Bank of La Crosse were void, the Bank Appeals. Reversed, with directions.

See, also, 237 Fed. 136.

The above cause is brought here both by appeal and by petition to review and revise, and is submitted upon the record on appeal, from which it appears that the bankrupt, the Valecia Condensed Milk Company, being desirous of securing a loan of $15,000 from the National Bank of La Crosse, termed appellant herein, made application to said bank through one Montague, a director of the bank, to that end, offering as security its two promissory notes, for $7,500 each, together with $15,000 par value of bonds, and to assign invoices of milk sufficient to take care of the notes by maturity. The bank, having required and received the indorsement of Montague on said notes in addition to the security tendered, made the loan. As security for one of said notes, indorsed by said Montague as aforesaid, said bonds to the amount of $10,000 par value, secured upon the bankrupt's Reedsburg plant, were delivered to the bank, together with certain invoices of milk, which latter when paid were to be credited thereon. The transfer of the bonds as collateral was accompanied by the usual instrument in writing, authorizing sale in case of failure to pay the note at maturity, without any expressed provision that the bonds be not sold for less than 75 per cent. of their face value. As security for the other $7,500 note so indorsed, there was in like manner delivered to said bank $5,000 in

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

par value of said bonds, together with certain milk invoices, with like unqualified power of sale.

The transactions thereafter were such that the first described note was fully paid out of the proceeds of the milk invoices, and the other note reduced to $5,032.45 and interest at the time of the trial, from the balance of the available milk invoices. The bonds were not turned back pro rata, but held by the bank, without any request for their return having been made by the bankrupt. The notes aforesaid were executed and delivered on December 28, 1914. The Valecia Condensed Milk Company was declared a bankrupt on April 16, 1915, upon petition filed March 27, 1915. On January 21, 1916, the appellant filed its petition with the trustee in bankruptcy, setting out the amount of its claim against the bankrupt, the possession by it of $16,000 of said Reedsburg bonds, the balance of $5,758.38 remaining due on said loan, the fact that said bonds were issued and transferred to it for more than 75 per cent. of their par value, that said bonds were a valid prior lien upon said Reedsburg property, that they should be so treated at any sale of said plant, and giving the numbers and denominations thereof.

Thereafter the trustee in bankruptcy, on January 21, 1916, answered said petition, denying the validity of the said bonds and the lien thereof, and charging that the same were issued in violation of section 1753 of the Wisconsin Statutes, and charging that the same were void. On the same day the appellant filed its amended petition, tendering the bonds it held in excess of a sufficient amount at 75 per cent. of their par value to cover the balance of the bankrupt's indebtedness on said remaining note, and charging that said bonds were originally issued to it at their full par value, and that it became the bona fide holder thereof, without any notice of any unauthorized or irregular issue, or invalidity thereof. By Exhibit A to said amended petition, being a copy of a statement delivered to appellee on about September 23, 1915, appellant sets up its willingness to accept said bonds at not less than 75 per cent. of their face value in payment of the amount remaining due upon said note, viz., $5,080.75, and delivered to the trustee, appellee herein, the balance thereof, and asserts that it never has attempted and never will attempt to sell or deal with said bonds at less than 75 per cent. of their par value. This statement, as well as the tender of the surplus of said bonds, was renewed on the trial. It appears from the record that each of said notes contained provision that the collateral aforesaid stood as or was security "for this or any other liabilities" of the bankrupt to the bank.

On October 15, 1915, the referee on petition of the trustee entered an order requiring appellant to show cause why the said bonds should not be declared void and why the same should not be delivered to the trustee. On January 21, 1916, appellant filed its answer to said rule, denying that said bonds were issued for less than 75 per cent. of their par value, or that the same are now so held. The answer also states that the said $15,000 so loaned to bankrupt by appellant was used by the bankrupt in paying its obligations, and makes its said amended petition a part of its answer. The referee held that the said bonds were void, as issued contrary to the statute, and that they be surrendered to the trustee, and that the same be canceled as existing obligations of the bankrupt. On review the District Court affirmed the judgment of the referee.

For error, it is assigned, in substance: (1) That the court held that said bonds were issued contrary to the provisions of the Wisconsin Statutes. (2) That the court held that said bonds were void, notwithstanding the subsequent offer to release all of said bonds save so much as would at 75 per cent. of their face value constitute security equal to the balance of the claim remaining unpaid. (3) That the court held that section 1753 of the Wisconsin Statutes had not been repealed by the Negotiable Instrument Law (Laws Wis. 1899, c. 356) so called. (4) That the court erred in declaring said bonds void without requiring payment of the sum for which they were pledged.

Frank Winter, of La Crosse, Wis., for appellant.
John B. Sanborn, of Madison, Wis., for appellee.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] Section 1753 of the Wisconsin Statutes reads as follows, viz.:

"No corporation shall issue any stock or certificate of stock except in consideration of money or labor or property estimated at its true money value, actually received by it, equal to the par value thereof, nor any bonds or other evidences of indebtedness except for money or for labor or property estimated at its true money value, actually received by it, equal to seventy-five per cent. of the par value thereof, and all stocks and bonds issued contrary to the provisions of law and all fictitious increase of the capital stock of any corporation shall be void."

If the bonds in question were issued at all, it must have been at the time they were delivered to appellant as security for the $15,000 loan. It was held by the court in Pfister v. Ry. Co., 83 Wis. 86, 53 N. W. 27, that "when a corporation puts its bonds beyond its control by hypothecating them as security for loans, or for any other purpose, or in any other manner, it issues them, within the meaning and intention of the statute." That case further holds that if the bonds are so hypothecated, without stipulating "that they shall be accounted for at not less than seventy-five cents on the dollar of their par value, it violates the statute, and the bonds thus issued are void." That the bonds in question were issued in the statutory sense seems to have been conceded in the present case. That being so, and $15,000 of bonds having been hypothecated as security for the payment of the $15,000 loan, there seems to be little room for the proposition that the bonds were issued for a consideration less than 75 per cent. of their face.

[2] The basic contention here seems to be that there was at the time of the issue and delivery of the bonds, no stipulation requiring the appellant to account for the same at not less than 75 per cent. of their face value. It is manifest that the bonds were not taken with any intention of defeating the rights of the bankrupt under section 1753. The president of appellant refused to make the loan on the strength of the bonds, and required the director who was negotiating the loan to guarantee the same, which the latter, having full confidence in the bonds, readily did. Again, the bonds were hypothecated at their par value. This action serves to strengthen the claim that the bonds were hypothecated with the requirement of the statute in view. The appellant was a banker engaged in the making of loans, and as such must be presumed to have been familiar with what was necessary in protecting itself in such a situation. The statute had been before the courts on numerous prior occasions so prominently that to presume ignorance or willful conduct on the part of the bank challenges one's credulity. The statute says nothing about the taking of a stipulation from the pledgee or purchaser agreeing to account for the collateral bonds at not less than 75 per cent. of their par value. Nor does the Wisconsin court require that a stipulation of that character be reduced to writing or specifically declared. In our judgment the facts suffice to raise the implication of an agreement that the bonds should be so dealt with as would make them valid securities; that is, that if sold they must be accounted for at not less than 75 per cent. of their face value. This construction was placed by us on a similar state of facts in First Savings & Trust Co. v. Waukesha Canning Co., 211 Fed. 927, 128 C. C. A. 305;

and by the Circuit Court of Appeals for the Second Circuit in In re Waterloo Organ Company, 134 Fed. 345, 67 C. C. A. 327. It is but confirmed by the fact that the bank never parted with or tried to dispose of any part of said bonds contrary to the statute; that, so far as the record discloses, it gave no thought to its possession of the bonds until after bankruptcy was instituted; that the bankrupt does not appear to have made any inquiry as to the surplus of bonds the bank held; and that even after the note was due, when the bankrupt failed to place milk invoices with it as agreed on, there seems to have been no suggestion that the bonds would be resorted to. The whole situation seems to indicate a condition of friendliness for the bankrupt which precludes any suspicion of an intention to take any advantage of its possession of the bonds.

We therefore hold that the bonds in question were issued in full compliance with the terms of said section 1753 and are valid in the hands of the bank, at least to the amount of the balance due upon said $15,000 loan, estimated at not less than 75 per cent. of their par value. This being so, it becomes unnecessary to pass upon the other matters raised in the record and briefs of counsel.

The judgment of the District Court is reversed, with direction to proceed further in accordance herewith.