### In re SULLIVAN CONDENSED MILK CO.

### BATZ v. EDGERTON.

(Circuit Court of Appeals, Seventh Circuit. June 8, 1923.)

#### No. 3192.

1. **Bankruptcy ⊜340—Facts held not to show payment of note by transaction of payee's husband.**

Stipulated facts showing that both claimant and her husband had made loans to the banks, that the husband had in addition given a note for more than the claimant's loan, which was put up as collateral and subsequently paid by the bankrupt, and thereafter the full amount of the husband's loan repaid by the bankrupt, accompanied by a letter stating the payment was the amount advanced by the husband, and that the bankrupt

continued to pay interest on the wife's loan, *held* to show that the referee's finding the wife's loan was repaid by the transaction with the husband was erroneous.

**2. Bankruptcy ⊂⇒467—Referee's findings on stipulated facts not controlling.**

Where the facts are stipulated, so that the referee in bankruptcy did not see or hear the witnesses, the Circuit Court of Appeals is to make the deductions from the stipulated facts, and the finding of the referee is entitled to no more weight than those facts warrant.

**3. Corporations ⊂⇒474—Bonds issued as collateral for loan are valid.**

Bonds of a corporation of the face value of $4,100 issued as collateral security for a loan of $4,000 are not issued in violation of Rev. St. Wis. 1878, § 1753, requiring bonds to be issued for not less than 75 cents on the dollar of their par value.

Appeal from the District Court of the United States for the Western District of Wisconsin.

In the matter of the Sullivan Condensed Milk Company, bankrupt. From a decree disallowing the claim of Mrs. G. Adam Batz for a lien on the proceeds derived from the sale of mortgaged property, opposed by B. G. Edgerton, as trustee, claimant appeals. Reversed, with directions to enter a decree for claimant.

William Ryan, of Madison, Wis., for appellant.
Oscar T. Toebaas, of Madison, Wis., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This appeal is from a decree disallowing the claim filed against the estate of the bankrupt by appellant, who asked also that she have a lien for the amount thereof ($4,000 and interest) upon the proceeds derived from the sale of the property covered by the mortgage.

Most of the facts were covered by stipulation, from which it appears that appellant, on August 29, 1917, loaned bankrupt $4,000, receiving therefor a note, due six months from date, drawing interest at 8 per cent. As collateral security, she took first mortgage gold bonds covering the property of bankrupt, the face value of which was $4,100. The referee found that this note had been paid, and his finding was confirmed by the court. If it remains undisturbed, affirmance of the judgment necessarily follows.

[1] We find no support in the evidence for such a finding. In fact, the trustee in his answer did not allege payment as one of the many defenses. The making of the loan, the giving of the note, and the delivery of the collateral are not denied. But it is claimed the referee found that the debt had been paid because of a series of transactions with Mr. Batz, husband of claimant. It appears that Mr. Batz, about the same time as his wife so loaned the $4,000, advanced or loaned the bankrupt $20,000. He also gave his note for $4,588.64, which was put up as collateral with a Milwaukee bank. To secure these advances, Mr. Batz obtained an assignment of bankrupt's claim for fire insurance due as a result of a recent fire.

On September 15, 1917, bankrupt paid the note at the Milwaukee

bank and thereby relieved Mr. Batz of his contingent liability. It also sent Mr. Batz $20,000, accompanying the check by a letter which read:

"* * * We are also inclosing check for $20,000, payable to yourself, which amount you have advanced us. Thanking you very much for these favors, we beg to remain."

Appellee urges that $4,000 of the $20,000 sent Mr. Batz was for claimant, and should be so credited. But we find nothing in the record to indicate that any such intention on the part of the bankrupt was communicated to Mr. Batz. In fact, the foregoing letter negatives any such intention. The money was sent to Mr. Batz to extinguish a claim which was well secured. It came from the fire insurance fund, a part of which was assigned to him. If $4,000 was intended for Mrs. Batz, it is passing strange that the debtor did not call for the surrender of the note which it had given and the bonds which had been executed to secure the indebtedness.

More than this, about eight months thereafter the company made a payment upon claimant's note of $243.72, which Mrs. Batz says was paid as interest. The bankrupt's check book stub contains this notation: "Mrs. G. A. Batz, interest on notes paid to date, $243.72." The check for this amount was indorsed by Mrs. G. A. Batz and was paid shortly after its execution.

[2] This is not a case where the court saw and heard the witnesses whose testimony is conflicting. It is a case where the facts are stipulated and we are to make deductions from the stipulated facts. The finding of the referee is therefore entitled to no more weight than the stipulated facts warrant. We conclude that the $4,000 thus loaned by claimant was never repaid, and she should therefore have been allowed a claim for this amount and interest.

[3] Whether she was entitled to a lien, however, presents an entirely different question. Appellee contends that this case is controlled by the decision in Pfister v. Railway Co., 83 Wis. 86, 53 N. W. 27, which holds that "when a corporation puts its bonds beyond its control by hypothecating them as security for loans, or for any other purpose, or in any other manner, it *issues* them, within the meaning and intention of the statute," and, further, that there is a violation of section 1753, R. S., unless there is a stipulation "that they shall be accounted for at not less than 75c on the dollar of their par value." Appellee, however, relies upon the decision of this court in Re Valecia Condensed Milk Co., 240 Fed. 338, 153 C. C. A. 264. While this court would accept the construction of this statute placed upon it by the Supreme Court of the state of Wisconsin, we feel justified in adhering to the views expressed in the Valecia Condensed Milk Company Case until a contrary construction is given the statute by the Wisconsin Supreme Court.

In Valecia Condensed Milk Co. Case, the court was speaking in reference to facts similar to the ones under consideration; that is to say, "the bonds were hypothecated at their par value." In the Pfister Case, the bonds were hypothecated at 50 cents (less than the statutory percentage) of their par value. In the case under consideration, they were hypothecated at practically par value. Moreover, in the present case,

the provision in the trust deed, which was of record, prohibiting a negotiation of the bonds at less than 90 cents on the dollar, strengthens appellee's position.

The decree .is reversed, with costs, and with directions to enter a decree allowing appellant's claim for $4,000, with interest, and giving to her a lien to the extent of the aforementioned bonds.

---
⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes