L. O. LARSON and Robert Walker v. ALBERT HANSON and
Julius Frederickson.

(131 N. W. 229.)

**Claim and Delivery — Action on Undertaking — Pleading — Sufficiency of Complaint.**

1. In an action of claim and delivery, for the purpose of regaining possession of the property, the defendants, with sureties, executed a redelivery undertaking conditioned as provided by § 6922, Rev. Codes 1905, "for the delivery of the said property to the plaintiffs if such delivery shall be adjudged, and for the payment to them of such sum as may, for any cause, be recovered against the defendants in this action." Plaintiffs recovered merely a money judgment against defendants. In an action against the sureties on such undertaking the only breach of its conditions alleged in the complaint being the nonpayment of such judgment, held, that the complaint fails to state a cause of action.

**Claim and Delivery — Action on Undertaking— Form of Judgment.**

2. The obligation of the sureties for the payment "of such sum as may, for any cause, be recovered against the defendants," is not absolute, but conditional merely. Their obligation will·be construed in the light of § 7075, Rev. Codes, which requires that a judgment in plaintiff's favor shall be in the alternative "for the possession or for the recovery of the possession, or the value thereof in case a delivery cannot be had, and for damages for the taking and detention thereof."

**Claim and Delivery — Action on Undertaking — Form of Judgment — Presumption — Principal and Surety.**

3. In a claim and delivery action, a judgment merely for the value of the property and for damages may be rendered where the testimony discloses that the property has been destroyed or lost and cannot be returned, and where such a judgment has been rendered, and there is no proof to the contrary, it will be presumed as against the defendant, that the property has been destroyed or lost and cannot be returned, but such presumption cannot be indulged as against the sureties on the redelivery undertaking. As against the latter, such exceptional facts warranting a money judgment must be alleged and proved in an action on the undertaking.

Opinion filed April 13, 1911.

Appeal from the District Court, Stutsman county; *E. T. Burke*, J.

Action against the sureties on a redelivery undertaking in claim and delivery. From an order denying defendants' motion for a new trial, they appeal.

Reversed and new trial ordered.

*John Knauf,* for appellants.

To hold sureties on a replevin bond, the judgment must be one contemplated by law, that can be satisfied by a return of the property or damage, if delivery cannot be had. New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974; Gallarati v. Orser, 27 N. Y. 324; Field v. Lumbard, 53 Neb. 397, 73 N. W. 703.

*F. A. Coffey,* for respondents.

Plaintiff in replevin may look to sureties on a redelivery bond in satisfaction of his judgment. Bingham v. Mears, 4 N. D. 437, 27 L.R.A. 257, 61 N. W. 808; 32 Cyc. Law & Proc. p. 91, ¶ "E."

FISK, J. Action to recover on a redelivery undertaking executed by defendants as sureties, in an action to recover the possession of specific personal property, in which the provisional remedy of claim and delivery was invoked. Such action was instituted and prosecuted by respondents herein against William and W. L. Cavern. Judgment was rendered in such action against William Cavern alone, and is for the recovery of money only, to wit, the sum of $1,562.45, and in no manner providing for nor adjudging the delivery to plaintiffs of the property thus rebonded. Failing to realize the amount of such money judgment upon execution, this action was instituted to recover from these defendants the amount thereof, with accrued costs. Plaintiffs had judgment in the court below for the sum prayed for. A motion for a new trial was made, and an order entered denying the same, from which order this appeal is prosecuted.

Most of appellants' brief consists of assignments of error, there being fifty-three in number, none of which are assigned in accordance with rule 14 of this court (10 N. D. XLVI, 91 N. W. VIII.). They are a mere duplication of the specifications of error, and no reference is made to the page of the abstract wherein the particular specifications may be found, nor to the page or pages of the abstract in which the matter upon which the error is assigned may be found. Nor has counsel attempted in his brief to treat each assignment or group of assignments separately.

Owing to the manner in which appellants' brief is prepared, we might decline to notice any of the assignments of error; but we have concluded to dispose of appellants' main contention, which we understand is that the judgment entered in the claim and delivery action is not

such a judgment as the law authorizes in such an action. In other words, that the only judgment which could have been legally entered was one in the alternative for the return and delivery of the property to the plaintiffs, in case a delivery could be had, or its value in case a delivery could not be had, and damages for its detention, if any.

The judgment in the claim and delivery action being one for money only, appellants contend that by the terms of the redelivery undertaking there is no liability. In other words, it is urged, as above stated, that the only judgment contemplated, whereby these sureties might become liable on the bond, was a judgment in plaintiffs' favor for the return of the property mentioned in such undertaking, or its value, in case a delivery cannot be had, and they cite several authorities in support of their contention; but respondent contends that they are all cases under statutes and undertakings differing from the statute in this state, and the undertaking in the case at bar. Section 6922, Rev. Codes 1905, prescribing the undertaking required in order to obtain a redelivery of the property to defendant, reads: "The defendant may . . . require the return thereof upon giving to the sheriff a written undertaking executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property as stated in the affidavit of the plaintiff for the delivery thereof to the plaintiff, if such delivery is adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant." The conditions of the undertaking signed by defendants are in strict conformity to the above statute, the obligation of the undertaking being as follows: "Now, therefore, we, the subscribers hereto, do hereby undertake and become bound to the plaintiffs in the sum of $2,000 for the delivery of the said property to the plaintiffs, if such delivery shall be adjudged, and for the payment to them of such sum as may, for any cause, be recovered against the defendants in this action."

The learned counsel for respondents concede that there would be no liability on the part of these sureties, if the undertaking which they had signed was merely conditioned for the delivery of the property, in case a delivery should be adjudged. They say: "Where the sureties obligate themselves only for the return of the property, it is apparent that, if the return was waived and a money judgment entered in lieu thereof, the sureties would not be liable." The recent case of Gerlaugh v. Ryan, 127 Iowa, 226, 103 N. W. 128, cited and relied upon by ap-

pellants' counsel, affords an instance of an unsuccessful attempt to hold the sureties where their undertaking was merely for the delivery of the property to the plaintiff in case he recovers judgment therefor. There the Iowa court very properly held, construing their statute and the conditions of the redelivery undertaking, that plaintiff, by electing to take a money judgment, necessarily waived the delivery of the property, and, as a consequence, released the sureties from their agreement conditioned to deliver the property to plaintiff, if he recovers judgment therefor.

Our statute (§ 7075, Rev. Codes 1905,) prescribes the judgment that may be entered as follows: "In an action to recover the possession of personal property the judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and for damages for the taking and detention thereof." The judgment in respondents' favor in the claim and delivery action not being for the possession or for the recovery of the possession of the property, but merely a money judgment, and the testimony in that action not being before us, the question arises whether, as against these sureties, it will be presumed in support of the judgment that the proof at the trial disclosed that a delivery of such property could not be had. The rule that such presumption may be indulged as against the defendant in the claim and delivery action appears to be well settled. Brown v. Johnson, 45 Cal. 76; Claudius v. Aguirre, 89 Cal. 501, 26 Pac. 1077; Faulkner v. First Nat. Bank, 130 Cal. 258, 62 Pac. 463; Erreca v. Meyer, 142 Cal. 308, 75 Pac. 826; and cases cited; Park v. Robinson, 15 S. D. 551, 91 N. W. 344. But no authority has been called to our attention wherein such a presumption has been indulged as against the sureties. On the contrary, the supreme court of Minnesota, in a well-reasoned opinion, has expressly held that no such presumption will be indulged in an action against the sureties. New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974. We most cordially and fully indorse the views expressed by that eminent jurist, Judge Mitchell, in the above case. The weight of authority under similar statutes is in accord therewith. Ashley v. Peterson, 25 Wis. 621; Gallarati v. Orser, 27 N. Y. 324; Cook v. Freudenthal, 80 N. Y. 202; Hall v. Law Guarantee & Trust Soc. 22 Wash. 305, 79 Am. St. Rep. 935, 60 Pac. 643. Respondents' contention that the Minnesota decision is based on a statute

differing from the North Dakota statute is not correct. A comparison of the two statutes discloses no substantial difference. Respondent relies on Thomson v. Joplin, 12 S. C. 580, which holds, under a statute the same as ours as to the conditions of a redelivery bond, that "the obligation of the sureties, as it regards the return of the property and the payment of any sum recovered, is stated in cumulative language, so that a separate and distinct breach may be assigned as to each." In other words, it was there held, contrary to the holdings in the above cases, that the obligation of the sureties to pay the value of the property was not conditional, but absolute, and that the conditions of the bond to the effect that they are bound for the delivery of the property to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant, are separate and independent obligations, a breach of either constituting a cause of action. To the same effect is a later case from the same state, Parish v. Smith, 66 S. C. 424, 45 S. E. 16, but in that case the sureties were permitted to return the property instead of paying the money judgment. The reasoning of the South Carolina court does not appeal to us with favor. As lending support to our views, see, in addition to the above authorities, Field v. Lumbard, 53 Neb. 397, 73 N. W. 703; Johnson v. Mason, 64 N. J. L. 258, 45 Atl. 618.

The conclusion at which we have arrived necessitates a reversal of the order appealed from. Plaintiffs have neither alleged nor proved a cause of action against appellants, and it was reversible error to overrule their objection to the introduction of any evidence under the complaint, and to instruct the jury, in effect, that they should find for the plaintiffs, unless they found that the redelivery undertaking had been materially altered since its execution. The judgment in the claim and delivery action not being in the alternative form as provided by the Code, the plaintiffs, in order to recover against these sureties, must allege and prove facts showing that they were entitled to judgment in the form in which it was entered. In other words, to allege and prove that, in the claim and delivery action, it was made to appear that a return of the property could not be had.

The order appealed from is reversed, and the cause remanded for further proceedings according to law.

All concur, except MORGAN, Ch. J., not participating.

BURKE, J., being disqualified, took no part in the decision, Hon. CHARLES A. POLLOCK, of the Third Judicial District, sitting in his place by request.