## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

## SMITH v. WILLOUGHBY.

### (138 N. W. 7.)

**Replevin — judgment in alternative.**

1. In a claim and delivery proceeding brought under §§ 7075 and 7036, Rev. Codes 1905, and in which the defendant is shown to be entitled to a return of the property seized, and where, although it is shown that the plaintiff offered the said property for sale at public auction before the trial, it is also shown that he himself purchased the greater part thereof at such sale, the judgment should be in the alternative for a return of the property or for the value thereof, and a judgment for the value only is erroneous. Under such a state of facts, it cannot be said that the proof discloses "that a return cannot be had," which must be shown under the statute before a judgment for the value alone can be rendered. In such a case, also, the verdict should specifically describe the several articles of property and the value of each of said articles.

**Replevin by bailee — judgment.**

2. Where chattels are wrongfully taken from a bailee, but are afterwards, and before suit by such bailee, replevied from the wrongdoer and returned to the possession of the true owners or bailors, such bailee in a suit against such wrongdoer can merely recover damages based upon the injury to his special interest and cannot recover for the full value of the articles taken from him. The verdict, also, and judgment, should specifically describe the articles for

24 N. D.—1.

which a recovery is allowed, or a return of which is ordered, and the value of each of the said articles.

**Replevin — conforming judgment to facts.**

3. Where, however, there is no dispute in the evidence as to the value of the property not so held as a bailment, but wrongfully disposed of or still held by the plaintiff, and no point whatever is made on the trial as to the value of the bailed property, but of the property owned by the defendant in the claim and delivery proceeding, and wrongfully sold or withheld by the plaintiff alone, a new trial need not necessarily be ordered, but the judgment may be made to conform to the facts.

**Replevin — judgment in alternative — description of property and value.**

4. In such proceeding a judgment in the alternative for the return of the property or for the value thereof, and for damages for the detention thereof, should specifically describe the items of property and the value thereof. Such specification of the value of each article, however, need not be made in the absence of a demand therefor on the trial, and in the absence of such demand a verdict and judgment in the aggregate can be given.

Opinion filed October 11, 1912.

Appeal by plaintiff from a judgment of the District Court for Foster County, *Burke*, J., in defendant's favor in an action to recover possession of certain property.

Reversed on condition.

Statement by BRUCE, J.   The plaintiff and appellant, in a claim and delivery proceeding under the statute, seized certain personal property of the defendant upon which he claimed to hold certain chattel mortgages.   The plaintiff filed a complaint in the action, setting up his alleged special interest under said chattel mortgages, describing the property to be seized, and demanding judgment for immediate possession.   Defendant answered by pleading payment and certain other defenses, and in his turn prayed "for judgment against said plaintiff for the immediate return and possession of the property described in said complaint, or the sum of $5,000, the value thereof, in case a delivery cannot be had, and $1,000 damages for the detention thereof, and costs."   The verdict was: "We, the jury, find that, at the time of the commencement of this action, the defendant was entitled to the possession of said property, and that its value was $1,878."   On this

verdict the trial court entered judgment "that the defendant have and be awarded, and the defendant is awarded, judgment against the plaintiff in the above-entitled action for the sum of $1,878, the same being the value of the property so taken by the plaintiff and not returned to the said defendant in the above-entitled action." From this judgment this appeal was taken. The evidence showed that after the seizure by the plaintiff and before the trial the said plaintiff had sold, at public auction, the machinery and twenty-one or twenty-two horses seized by him, and that twenty-one more of said horses had been replevied by the wife and children of the defendant, and that at the time of the seizure of such property by the plaintiff, they had belonged to such wife and children, though they were in the barn of the defendant. It also showed that after such sale, plaintiff settled with other parties for five more of the horses. Nearly all of the property sold at the public auction, however, was bid in by the plaintiff, himself.

*Guy C. H. Corliss,* for appellant.

Plaintiff should have the right to return the property, and not be compelled to pay for it, and a judgment simply for the value of the property is in violation of his statutory rights. Singer Mfg. v. Dunham, 33 Neb. 686, 50 N. W. 1122; Manker v. Sine, 35 Neb. 746, 53 N. W. 734; Martin v. Foltz, 54 Neb. 162, 74 N. W. 418; Baxter v. Berg, 88 Wis. 399, 60 N. W. 711; Fitzhugh v. Wiman, 9 N. Y. 559; Hooker v. Hammill, 7 Neb. 231; Lee v. Hastings, 93 Neb. 508, 14 N. W. 476; Dwight v. Enos, 9 N. Y. 470; Hall v. Jenness, 6 Kan. 356; Legere v. Stewart, 17 Colo. App. 472, 68 Pac. 1059; Smith v. Coolbaugh, 19 Wis. 106; McNamara v. Eisenleff, 14 Abb. Pr. N. S. 25; Kates v. Thomas, 14 Minn. 460, Gil. 343; Glann v. Younglove, 27 Barb. 480; Seaman v. Luce, 23 Barb. 248; Robbins v. Slattery, — S. C. —, 9 S. E. 510; Washburn v. Huntington, 78 Cal. 573, 21 Pac. 305; Etchepare v. Aguirre, 91 Cal. 288, 25 Am. St. Rep. 180, 27 Pac. 668; Hynes v. Barnes, 30 Mont. 25, 75 Pac. 523; French v. Ginsburg, 57 Minn. 264, 59 N. W. 189.

Replevin of this property by the wife and children is a complete answer to a claim by defendant that the same property should be returned to him also. Coen v. Watkins, 62 Mo. App. 502; Mohr v.

Langan, 162 Mo. 474, 85 Am. St. Rep. 507, 63 S. W. 409; Brown v. Webster, 4 N. H. 500; Bath v. Miller, 53 Me. 316.

A verdict which does not in some way describe the property that defendant is entitled to the return of is defective, and no judgment can be rendered thereon. 34 Cyc. 1530; Guille v. Wong Fook, 13 Or. 577, 11 Pac. 277; Ford v. Ford, 3 Wis. 399.

*W. O. Lowden,* for respondent.

The facts proven and shown by the abstract warrant the judgment entered in this action. Larson v. Hanson, 21 N. D. 411, 131 N. W. 231.

The testimony conclusively showing that the plaintiff had disposed of the property and two years thereafter having elapsed before the trial and it not appearing that they could be returned to like condition as when seized, the court rightfully entered the judgment.

Park v. Robinson, 15 S. D. 551, 91 N. W. 344; Claudius v. Aguirre, 89 Cal. 501, 26 Pac. 1077; Faulkner v. First Nat. Bank, 130 Cal. 258, 62 Pac. 463.

Bruce, J. (after stating the facts as above). Plaintiff and appellant contends as grounds for reversal of the judgment herein, (1) that under the provisions of our statute, §§ 7075 and 7036, Rev. Codes 1905, a plaintiff who has wrongfully taken property in claim and delivery proceedings has an absolute right to the judgment against him being in the alternative for the return of the property, or its value in case a return cannot be had, and that no such alternative was given in this case; (2) that the verdict nowhere describes the personal property for which the compensation is required to be made, but merely speaks of it as "said property;" (3) even if the words "said property" can be regarded as a description of the property described in the complaint, plaintiff and appellant contends that such verdict is unwarranted and unsustained by the evidence, as the testimony shows that at least twenty-one of the horses described in the complaint did not belong to the defendant at all, but to his wife and children, and were replevied by them, and, as far as the evidence discloses, are now in their possession.

There appears to be some doubt in the authorities as to whether, in an action between the original parties, and where the property which is put up at public auction or otherwise sold is conveyed to a

third party, the judgment should be in the alternative. See Larson v. Hanson, 21 N. D. 411, 131 N. W. 231; Sherman v. Clark, 24 Minn. 37; Faulkner v. First Nat. Bank, 130 Cal. 258, 62 Pac. 463; Park v. Robinson, 15 S. D. 551, 91 N. W. 344; McNamara v. Eisenleff, 14 Abb. Pr. N. S. 25. There can be no doubt, however, that a judgment in the alternative should have been rendered in the case at bar. Although the plaintiff sold at public auction the horses and machinery which were not replevied from him, the proof is uncontradicted that he himself was the purchaser of by far the greater part thereof, and the presumption, in the absence of proof to the contrary of course, must be that he was in the possession thereof at the time of the trial. The statutes, §§ 7075 and 7036 of the Code of 1905, require a judgment to be in the alternative except when it is shown that a delivery cannot be had, and the proof in the case at bar falls very far short of showing such impossibility of delivery.

The general rule seems to be that "where several articles are embraced in an action of replevin, the judgment following the verdict should show the separate value of each article so that by the return of any one of more articles the judgment may be satisfied *pro tanto*." 18 Enc. Pl. & Pr. 602. The rule, it is said, is for the purpose of enabling the court by its judgment to afford the party entitled to the property a complete remedy in case the property cannot be obtained on execution, and is also evidently for the purpose of enabling the wrongdoer to return what he can of the property and reduce the judgment *pro tanto* by a return of a portion thereof. This rule necessarily involves a finding by the jury of the value of each specific article. It is argued, indeed, that if there is no such finding and judgment, and a portion only is or can be returned, another lawsuit may be necessary in order to decide the value of, or the loss to the owner on account of the failure to return, the missing articles. It does not seem, however, that under our peculiar statute such specific valuation is necessary, except where it is demanded upon the trial, and the jury are instructed to ascertain the same. Sec. 7036 of the Revised Codes of 1905 provides, among other things, that, "3. In case they find against the plaintiff, and the property has been delivered to him, and the defendant in his answer claims a return of the property, they must find the value thereof, or of the defendant's interest therein if less than its full value

at the time of the taking, and they must also assess the damages, if any are claimed in the answer, which the defendant has sustained by reason of the taking and detention of such property. . . . Whenever the jury *are so instructed,* they must find the value of specific portions of the property in controversy, or of the interest of either party therein if less than its full value at the time of the taking, and shall also assess the damages, if any are claimed by the party in whose favor they find sustained by reason of the taking and detention of such property." Section 7075 provides that "in an action to recover the possession of personal property, the judgment for the plaintiff may be for the possession or for the recovery of possession, or the value thereof in case a delivery *cannot be had,* and for damages for the taking and detention thereof. If the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof *in case a return cannot be had,* and damages for the taking and detention thereof." These statutes seem to have had their origin in §§ 5063 and 5099 of the Compiled Laws of the territory of Dakota, of 1887, and have been considered by the supreme court of South Dakota in the case of First Nat. Bank v. Calkins, 16 S. D. 445, 93 N. W. 646. In this case it was held that a verdict which found the value of the property in the aggregate was not erroneous *in the absence of an instruction to find the value of each item separately, or demand therefor.* See also Stevenson v. Lord, 15 Colo. 131, 25 Pac. 313; Caldwell v. Bruggerman, 4 Minn. 270, Gil. 190. There was no such demand or instruction in the case at bar, and it would seem, therefore, that there was no error in returning the value in the aggregate.

The second and third propositions raised by the appellant are technically correct, but by no means fundamental. It is undisputed that, even at the time of the seizure by the plaintiff, a number of the horses, though in the barn of the defendant and presumably in his custody and possession as a bailee, belonged in fact to his wife and children, and that they were afterwards, and before the trial, replevied by such owners from the plaintiff. In these horses the defendant had but a special or qualified interest, and since the bailors or owners have now recovered the possession thereof, and the defendant is no longer responsible therefor, the damages in relation thereto can be based upon

that special interest, and upon that special interest alone. 18 Enc. Pl. & Pr. 601. If, therefore, the words "said property" as found in the verdict necessarily include these horses, the verdict is erroneous. The same is also true of the five horses which the evidence shows were seized by the plaintiff and bid in by him at the sheriff's sale, but which were afterwards settled for by him with the true owners, the son of the defendant and Horn & Anderson. So, too, the general rule seems to be that a verdict and judgment in such a case should specifically describe the property which is ordered to be returned or for which compensation is required to be made. See 34 Cyc. 1530; Guille v. Wong Fook, 13 Or. 577, 11 Pac. 277.

If, indeed, the evidence in this case was not exactly as it is, we would be absolutely compelled to order a new trial. In it, however, there is no dispute as to the value of the property and horses not so held by the defendant as a bailee, and for the full value of which recovery can be had, and no point whatever is made as to the value of the bailed property, but of the property and horses owned by the defendant in the claim and delivery proceeding, and wrongfully seized and sold by the plaintiff, alone. The evidence, in fact, with one minor exception, relates almost entirely to the value of such property, and there is no controversy in relation thereto. The only difficulty which is to be found in the case, therefore, lies in the fact that the value as found by the jury is not supported by the evidence. The jury did not find the value of these specific articles, but the value in the aggregate, and that value they set at $1,878. There is, as we have said, however, no dispute as to the value of the horses to a recovery of which, or to compensation for the value of which, the defendant is entitled. The value of all of the horses and machinery sold at the sheriff's sale was put by the plaintiff himself at $1,928, while the value of the horses bid in by him at the sheriff's sale, but for which he was afterwards compelled to settle with the true owners, was set by him at $600. This is the only positive evidence on the subject. It is true that the record of the sheriff's sale shows that the goods and articles were sold in the aggregate for some $2,009, that is to say, for $81 more than the plaintiff's estimate, and that the five horses settled for were all bid in by him for about $427, but there is no pretense that the amounts for which the horses were bid in at such sale represented the real value thereof. The

same considerations apply to the failure to specifically describe the property. It is true that, as a general rule, the verdict should describe the property involved with such definiteness and certainty that it may be clearly identified (34 Cyc. 1530), and that such was not done in the case at bar. There is, however, no question as to the description of such property, or as to the articles and horses to a return of which the defendant was entitled. The description, indeed, is given in the sheriff's report of sale, to a return of all of the articles mentioned to which the defendant is entitled, except the five horses afterwards settled for with the defendant's son and Horn & Anderson, and described in the evidence and report of sale as "one black colt with a silver mane and tail, one black mare, one bay mare colt, one bay horse colt two years old, and one steel-grey colt."

Such being the state of the evidence, it would be a travesty on justice for this court to reverse the judgment and to order a new trial, subjecting both the county and litigants to unnecessary expense, if the same result can be accomplished by a modification of the judgment. If, therefore, the defendant will consent to the entry of a judgment for the return of the horses and machinery described in the sheriff's certificate of sale, with the exception of the five horses last mentioned, and in the case of a failure of such return, for the sum of $1,328, the trial court is directed to enter such a judgment. Otherwise, the judgment of the District Court will be reversed and a new trial ordered.

BURKE, J., being disqualified, did not participate, and the Hon. SAMUEL L. NUCHOLS, Judge of the Twelfth Judicial District, sat in his stead.