FARMERS NATIONAL BANK, a Corporation, v. GEO. FERGU-
SON, Wm. Ferguson, Allie D. Austin, E. F. Dunton, and B. R.
Crabtree.

(148 N. W. 1049.)

Claim and delivery — undertaking by defendant — action on — entry of
judgment in alternative — necessary to plead and prove — or that prop-
erty cannot be returned — sureties on undertaking — rights must not
be prejudiced.

1. In an action on an undertaking given by defendants in claim and delivery proceedings for the purpose of regaining possession of the property pursuant to the provisions of § 6922, Rev. Codes 1905, it is essential to a recovery as against the sureties on such undertaking, to both allege and prove either the due entry of a judgment in the alternative form as provided by § 7075, Rev. Codes, or facts showing that a return of the property was impossible owing to its irretrievable loss by destruction or other cause, thus establishing the fact that the sureties' substantial rights were in no way prejudiced by the failure to observe the above statute.

Proper practice — judgment should be entered in alternative in any event.

2. Even where it appears that for some reason the property cannot be redelivered, and consequently a judgment in the alternative granting such right of redelivery would confer upon the defeated party and his sureties on the undertaking but a mere empty and valueless privilege, it is the proper, if not the only safe, practice to conform with the Code provisions aforesaid in entering the judgment.

Note.—The general question of the effect upon a surety of judgment against his
principal is the subject of a note in 40 L.R.A. (N.S.) 698.

**Redelivery bond — action against sureties — money judgment — allegation of complaint — sufficiency.**

3. In an action against the sureties on a redelivery undertaking given in claim and delivery proceedings, an allegation alleging the rendition of a mere money judgment in the prior action in which such undertaking was given, and concluding merely with the recital, "it being shown to the satisfaction of the court that a return of said property could not be had," is insufficient to warrant a recovery.

**Evidence — money judgment — property sold at public auction — pleading mere conclusion.**

4. The evidence upon which it is contended that the court was justified in entering a mere money judgment instead of a judgment in the alternative consists of an affidavit of one F., stating that the property had been sold at public auction, and giving as his mere conclusion that "a delivery to this plaintiff cannot now be had, and that plaintiff's only remedy is for a money judgment."

*Held,* wholly insufficient as against the sureties, for reasons stated in the opinion.

**Claim and delivery — judgment — presumption in support of.**

5. The case of Larson v. Hanson, 21 N. D. 411, is cited and followed, but certain expressions contained in the opinion in that case are commented upon and explained.

**Action — dismissal on the merits — judgment — nonsuit — failure to allege and prove — new action.**

6. The judgment appealed from, while purporting to dismiss the action on the merits and with prejudice, merely amounts to a nonsuit for failure of proper allegation and proof of facts essential to plaintiff's recovery, and the dismissal should therefore be without prejudice to the bringing of a new action.

The same is accordingly ordered to be thus modified.

Opinion filed May 11, 1914. On rehearing October 8, 1914.

Appeal from District Court of Dickey County, *Frank P. Allen,* J. From a judgment in defendant's favor, plaintiff appeals.

Modified and affirmed.

*Engerud, Holt, & Frame,* for appellant (*Webb & Brouillard,* of counsel).

Since all evidence offered by appellant on the trial was received without objection, and respondents offered no evidence, it is clear and it follows that if appellant made out a prima facie case, the judgment of the lower court was erroneous. Larson v. Hanson, 21 N. D. 411, 131

N. W. 229; Boley v. Griswold, 87 U. S. 486, 22 L. ed. 375; Burton v. Platter, 4 C. C. A. 95, 10 U. S. App. 657, 53 Fed. 908; Selby v. Mc-Quillan, 59 Neb. 158, 80 N. W. 504.

The lower court judgment fixes the fact as to the ability to return the property. It does not require the performance of an act which has been made to appear to it to be impossible of performance, and therefore it entered a money judgment for the value of the property. Boswell v. First Nat. Bank, 16 Wyo. 161, 92 Pac. 638, 93 Pac. 661; Ulrich v. McConaughey, 63 Neb. 10, 88 N. W. 150; Eisenhart v. McGarry, 15 Colo. App. 1, 61 Pac. 56; McCarthy v. Strait, 7 Colo. App. 59, 42 Pac. 189; Clouston v. Gray, 48 Kan. 31, 28 Pac. 983; Pranke v. Herman, 76 Wis. 428, 45 N. W. 312; Findlay v. Knickerbocker Ice Co. 104 Wis. 375, 80 N. W. 436; Brown v. Johnson, 45 Cal. 76; Burke v. Koch, 75 Cal. 356, 17 Pac. 228; Erreca v. Meyer, 142 Cal. 308, 75 Pac. 826; Cathey v. Bowen, 70 Ark. 348, 68 S. W. 31; Gambrell v. Gambrell, 130 Ky. 714, 113 S. W. 885; Park v. Robinson, 15 S. D. 551, 91 N. W. 344; Burton v. Platter, 4 C. C. A. 95, 10 U. S. App. 657, 53 Fed. 901.

Such judgment is binding upon the sureties. In the absence of fraud or collusion the issues found are conclusive against the party and his sureties. Selby v. McQuillan, 59 Neb. 158, 80 N. W. 504; McCarthy v. Strait, 7 Colo. App. 59, 42 Pac. 189; Eisenhart v. McGarry, 15 Colo. App. 1, 61 Pac. 56; Clark v. Dreyer, 9 Colo. App. 453, 48 Pac. 818; O'Loughlin v. Carr, 9 Kan. App. 818, 60 Pac. 478; Mason v. Richards, 12 Iowa, 73; Pittsburgh Nat. Bank v. Hall, 107 Pa. 583; Donovan v. Ætna Indemnity Co. 10 Cal. App. 723, 103 Pac. 365.

*W. S. Lauder* and *James N. Austin,* for respondents.

The answer of defendants to the original complaint stands as their answer to an amended complaint thereafter filed by plaintiff. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937.

A judgment in claim and delivery must be in the alternative for the return and possession of the property, or in case a return cannot be had, then for its proved value. This is the obligation of the sureties. A mere money judgment in the main action is insufficient to fix the liability of the sureties on the redelivery bond. New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974; 34 Cyc. 1576; Gallarati v. Orser, 27 N. Y. 324; Jaggar v. Lalance & G. Mfg. Co. 8

Daly, 251; Cook v. Freudenthal, 80 N. Y. 202; Ashley v. Peterson, 25 Wis. 621; Hall v. Law Guarantee & T. Soc. 22 Wash. 305, 79 Am. St. Rep. 935, 60 Pac. 643.

By taking a mere money judgment, the plaintiff released the sureties from their obligation to deliver the property. Gerlaugh v. T. J. Ryan & Son, 127 Iowa, 226, 103 N. W. 128; Colorado Springs Co. v. Hopkins, 5 Colo. 206; Lewin v. Stein, 7 Colo. App. 65, 42 Pac. 185; Vinyard v. Barnes, 124 Ill. 346, 16 N. E. 254; Citizens' State Bank v. Morse, 60 Kan. 526, 59 Pac. 115; Vallandingham v. Ray, 128 Ky. 506, 108 S. W. 896; Smallwood v. Norton, 20 Me. 83, 37 Am. Dec. 39; Cummings v. Badger Lumber Co. 130 Mo. App. 557, 109 S. W. 68; Boley v. Griswold, 20 Wall. 486, 22 L. ed. 375.

FISK, J. This is an action on a redelivery bond executed and delivered by the defendants in claim and delivery proceedings. The answering defendants, Austin, Dunton, and Crabtree, are sureties merely on such undertaking.

The facts, briefly stated, are as follows: In November, 1910, plaintiff commenced an action against the defendants George and William Ferguson for the recovery of the possession of certain personal property. In such action the provisional remedy of claim and delivery was invoked by plaintiff, and the property in controversy taken from defendants' possession. Thereafter the redelivery undertaking upon which this action is based, was executed and delivered by the defendants George and William Ferguson, as principals, and these defendants, Austin, Dunton, and Crabtree, as sureties, for the purpose of regaining possession of such property pursuant to § 6922, Rev. Codes 1905. The undertaking is conditioned as provided by the statute, "for the delivery of the said property to the plaintiff, if such delivery shall be adjudged, and if return be not made for the payment to plaintiff of such sum as may, for any cause, be recovered against the defendants in this action."

The complaint, in the case at bar, is in the usual form, except in ¶ 5 the following allegation appears: "That such proceedings were afterwards had that on the 1st day of September, 1911, judgment was rendered against the defendants George Ferguson and William Ferguson, that the plaintiff recover from and of said defendants, and each of them, the sum of $859.14, *it being shown to the satisfaction of the*

*court that a return of said property could not be had."* The only proof submitted by plaintiff at the trial consists of the undertaking sued upon and the record or judgment roll in the claim and delivery action. Such record includes the summons, complaint, affidavit, and notice in claim and delivery, undertaking in claim and delivery, sheriff's return, answer, amended complaint, affidavit of A. S. French, affidavit of T. L. Brouillard, statement of costs and disbursements, order for judgment and judgment. After plaintiff rested, defendants moved for a judgment of dismissal, which motion was granted, and judgment was thereafter rendered accordingly, from which this appeal is prosecuted. Was such action of the court erroneous?

We deem the decision in Larson v. Hanson, 21 N. D. 411, 131 N. W. 229, controlling in the case at bar. The two cases differ only in the fact that in the former there was no attempt whatever to allege or prove the exceptional facts authorizing the rendition of a judgment for money only in the claim and delivery action, while in the case at bar appellant contends that such exceptional facts were both alleged and proved. Is such contention correct? We think not, and we will briefly state our reasons for this conclusion. The only allegation in the complaint is that contained in the last clause of ¶ 5 above quoted. Manifestly, this is not the equivalent of an allegation of the fact that the property, for some reason, could not be restored to the plaintiff. These sureties did not obligate themselves to pay plaintiff the value of the property absolutely, but they merely bound themselves conditionally for such payment if a delivery thereof "be adjudged and if return be not made." A delivery of the property to plaintiff was not adjudged. Hence, they cannot be held liable on their undertaking in the absence of strict allegation and proof of facts showing that it would have been impossible to have returned the property to plaintiff if its return had been adjudged. In other words, it must, we think, as against these sureties, be clearly established that the exceptional form of judgment entered in the claim and delivery action in fact does not deprive them of any legal rights, or affect, in the least, their actual liability under the bond because of an utter inability, in any event, to restore possession to plaintiff of the property, and consequently they are in no way injured because of the judgment not being in the alternative form. Without such showing, we fail to see how the sureties' liability for money only

can be established. If correct in this, it logically follows that defendants are entitled to their day in court on this issue. But appellant's counsel evidently assume that defendants are concluded by the judgment in the claim and delivery action because, as alleged, it was "shown to the satisfaction of the court that a return of said property could not be had;" but a sufficient answer is that no adjudication to this effect was made, nor could be made in that action, for no such issue was or could be involved therein. New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974; Fitzhugh v. Wiman, 9 N. Y. 559. Defendants were not parties to that action, and therefore are not bound by the judgment except as to those issues properly therein litigated. In addition to this, the record discloses that the only showing before the court that a delivery of the property could not be made, was an *ex parte* affidavit of one French, merely stating that the property had been sold at public auction, and giving as his mere conclusion that "a delivery to this plaintiff cannot now be had, and that plaintiff's only remedy is for a money judgment." Conceding the admissibility of such affidavit, it falls far short of establishing the *fact* necessary to authorize a money judgment. Even though sold at public auction, the property might be where it could be returned, as was the case in Smith v. Willoughby, 24 N. D. 1, 138 N. W. 7. But, in any event, such affidavit was not introduced in evidence for such purpose, but apparently found its way into the record in the case at bar because of its being attached to the judgment roll, the only purpose of introducing such roll apparently having been to prove the existence of the judgment in the former action. This, no doubt, accounts for the fact that no objection was offered to its introduction. But, even if the trial court had expressly found in the prior action, on proper evidence, that such property could not be delivered for any reason, still, notwithstanding the decisions of some courts to the contrary, we do not think such finding would be conclusive upon the sureties in this action. New England Furniture & Carpet Co. v. Bryant, supra, and cases cited.

The only safe and proper practice to pursue in entering a judgment in actions for the recovery of the possession of personal property, is that prescribed in the Code. If litigants would follow the plain provisions of § 7075, Rev. Codes, in causing judgments to be entered, much difficulty would be thereby obviated.

We note what appellant's counsel say in their brief regarding our holding in Larson v. Hanson, supra. While the writer is free to admit that certain portions of that opinion, and especially the last sentence on page 415 of the official report, seem to bear the construction contended for by appellant's counsel, the opinion as a whole does not permit of such construction. The opinion should be read in the light of the facts then before us. We were there dealing with a case wherein there was not even a pretense of allegation or proof of an inability to deliver the property by the defeated, to the successful party; and the question for decision merely was whether, as against the sureties on the undertaking sued upon, the same presumption in support of the regularity of the judgment in the claim and delivery action which applies to the defendants would also apply to such sureties. Anything there said which was unnecessary to a decision of the point involved was, of course, mere *obiter,* and we decline to be bound thereby. This also applies to the opinion on the second appeal of said case. See Larson v. Hanson, 26 N. D. 406, 51 L.R.A.(N.S.) 655, 144 N. W. 681.

We have examined all of the authorities cited by appellant from other courts, and find that nearly all of them deal merely with the question in so far as it pertains to the parties to the replevin action, and for this reason we do not deem them in point here. There are, it is true, a few cases cited which seem to hold contrary to our decision in Larson v. Hanson, but we decline to follow them, as we deem the rule established in the Larson Case the better and sounder rule, and it has the support of numerous well-considered authorities in New York and elsewhere.

We decide this case on the assumption that as to the defendants in the claim and delivery action, the judgment therein rendered as for default was in all respects regularly given and entered. Such, however, does not appear to be the fact. There was no default. The defendants had appeared and answered the original complaint, and when plaintiff was granted leave to amend its complaint, defendants were not obliged to serve another answer. The answer already served should have been treated as an answer to the amended pleading. In any event, defendants, having appeared generally, were entitled to notice of the application for judgment, which was apparently not given. These were, how-

28 N. D.—23.

ever, mere irregularities, and do not vitiate the judgment. We mention them merely in the interest of orderly practice.

While our conclusion results in an affirmance of the judgment, we think the dismissal should be without prejudice to the bringing of another action. The judgment of dismissal amounts merely to a nonsuit for a failure of necessary allegation and proof. It may be that these defects can be cured by plaintiff in another action.

As thus modified, the judgment is affirmed.

## On Rehearing.

FISK, J. A rehearing was asked for and granted upon the point covered in the last paragraph of the syllabus and of the opinion, wherein we modified the judgment of dismissal so as to make it read, "without prejudice," instead of, "with prejudice," to the bringing of another action.

After duly considering the written arguments submitted on such rehearing by the respective counsel, we have concluded to recede from our former views, and to eliminate from the syllabus and from the opinion what is therein said upon such point. The question was not raised by appellant's counsel; and while this fact is not necessarily controlling, as we undoubtedly have the power, at our option, to notice errors appearing on the face of the judgment roll although not assigned (2 Enc. Pl. & Pr. 928; 2 Cyc. 984; Dufour v. Lang, 4 C. C. A. 663, 2 U. S. App. 477, 54 Fed. 913; Farrar v. Churchill, 135 U. S. 614, 34 L. ed. 249, 10 Sup. Ct. Rep. 771), still we have concluded, after a more careful examination of the record, that it is not so clear that error was committed as to warrant us in deciding the question at this time. We are not now prepared to say that in the former opinion we may not have mistakingly assumed that the dismissal amounted merely to a nonsuit at common law. In fact, while not so deciding at this time, we are inclined to the belief that the cause was fully submitted to the court for a decision on the merits within the meaning of § 6998, Rev. Codes 1905. However, we deem it advisable to reserve final decision of the point until it is properly raised.