FIRST STATE BANK OF GRACE CITY, a Corporation, Respondent, v. E. R. BRADLEY and The Northern Trust Company, of Fargo, a Corporation, Appellants.

(220 N. W. 848.)

Opinion filed July 28, 1928.

*Combs, Ritchie & Hanchett,* for appellants.

*James Morris,* for respondent.

BURR, J. This is a suit on a redelivery undertaking given in a claim and delivery action. The plaintiff commenced claim and delivery proceedings in the district court of Foster county to secure the possession of several pieces of personal property, all of which were seized by the sheriff except two items, a cash register and a computing scale. The defendant Bradley gave a redelivery bond with the Northern Trust Company as surety, and had returned to him all of the property seized by the sheriff. The plaintiff seized the missing items in a justice court proceeding in Eddy county, which case was appealed to the district court. The Foster county case was transferred to Eddy

county and by stipulation of the parties the two cases were consolidated. At the close of the plaintiff's case both sides moved for a directed verdict and the court made and entered its findings of fact, conclusions of law and order for judgment, finding the plaintiff entitled to all of the property claimed, fixed the value of each item, and determined the total value of all of the property at $2,322 and the interest of the plaintiff therein with interest and costs was found to be $1,912.29. The court then rendered judgment in favor of the plaintiff for the return of the property, or if the return could not be had then for the value of the plaintiff's interest, which was less than the value of the property. From the judgment entered therein the defendant Bradley appealed to this court and the judgment was affirmed. See First State Bank v. Dahley, 54 N. D. 309, 209 N. W. 655.

This action was commenced to recover the amount of plaintiff's interest in the property. The plaintiff claimed defendant Bradley had retained possession of the property, had failed to properly take care of it so it became greatly depreciated, that it refused to accept it in its depreciated condition and had served on the defendant the Northern Trust Company a refusal of tender of possession, and that the defendant Bradley had not tendered it in as good condition and value as when received.

The defendants answered separately admitting the redelivery of all of the property except the cash register and computing scale, and that this court had affirmed the judgment. The defendant Northern Trust Company alleged "that such property and the whole thereof was not only in substantially as good condition when delivered by E. R. Bradley to the plaintiff herein as hereinbefore set forth, as when received by said E. R. Bradley from the sheriff of Foster county, but that said property was actually in a better condition at the time said E. R. Bradley delivered same to the plaintiff" and further that the plaintiff accepted it. The defendant E. R. Bradley answered in almost the same identical words.

The case was submitted to the jury who found in favor of the plaintiff and judgment was entered in this case for the full amount of plaintiff's interest. The defendants moved for judgment notwithstanding the verdict or in lieu thereof for a new trial. Both being denied

they appealed to this court from the judgment and from the order denying the new trial.

There are many specifications of error but all center around two main issues. As stated in appellant's brief:

"However appellants rely largely upon two propositions for the reversal of the judgment in this case, viz.: First, that there is no evidence to support the judgment rendered, or to support any judgment against the appellant, Northern Trust Company, the surety upon the redelivery bond; and, second, that the trial judge erred in his instructions to the jury, especially upon the question of the burden of proof, which error was very prejudicial to the defendants in this case."

The principal contention underlying the appeal, so far as the Northern Trust Company's liability is concerned, is that under the facts in this case the Northern Trust Company was not bound by the finding of the court as to the value of the property and that in the case at bar the plaintiff should have proved the value of the property taken. The judgment in the claim and delivery action was for the return of the property to the plaintiff or in case a return was not had then the value of the plaintiff's interest which was found by the court to be $1,782.34. It is clear the plaintiff could not get more than the value and not more than the interest which the plaintiff had in the property. In order to determine this it was necessary for the court to determine the value of the property at that time. The findings of the court show the value of the property to be $2,322, which was greater than the interest of the plaintiff and so the judgment in the case was for the return of the property or for the value to the extent of the interest of the plaintiff. This was a proper judgment and is binding upon the surety. See Jackson v. Morgan, 167 Ind. 528, 78 N. E. 633. It follows therefore that in this action on the undertaking given for the return of the property "it is essential to a recovery as against the sureties on such undertaking to both allege and prove either the due entry of a judgment in the alternative form as provided by the Code or facts showing that a return of the property was impossible." See Farmers Nat. Bank v. Ferguson, 28 N. D. 347, 148 N. W. 1049, and § 7682 of the Code. This is what was done in the case at bar. It is clear from Larson v. Hanson, 21 N. D. 411, 131 N. W. 229, that, when there is such alternative judgment the surety is bound. As said

in Washington Ice Co. v. Webster, 125 U. S. 426, 8 Sup. Ct. Rep. 947, 31 L. ed. 799: "The findings of the jury in the replevin suit of the value of the goods replevied, where a judgment has been entered on their verdict is conclusive upon the parties to the replevin suit, and also upon those who became sureties by the bond, to abide the event." In William W. Bierce v. Waterhouse, 219 U. S. 324, 335, 55 L. ed. 239, 242, 31 Sup. Ct. Rep. 241, the same court says:

"One who becomes a surety for the performance of the judgment of a court in a pending case is represented by his principal, and is bound by the judgment against his principal within the limits of his obligation."

The findings and judgment and other portion of the record in the former case were introduced in evidence as the basis for plaintiff's recovery and are sufficient to establish its right to recover.

It is urged by the defendant Northern Trust Company that in any event it could not be held for the value of plaintiff's interest in and to the cash register and Toledo Computing scale because these were not taken by the sheriff in the action in which this defendant was a surety, and therefore proof should have been introduced showing the value of these two items, and thus deduct them from the interest of the plaintiff recoverable from this surety. It will be observed the court found the value of these two items. The defendant claims it is not bound by this finding because it was not a party to that action in the justice court in which these two items were recovered. The record in this case shows, however, that in the claim and delivery action brought in the district court of Foster county the plaintiff sought to recover possession of these two items, ordered the sheriff to seize them, and the redelivery undertaking in the action bound the defendant surety company to the redelivery of the personal property described in the complaint "if such delivery is adjudged." The sheriff did not seize these two items in that case, but in the justice court action the property was secured, and at the trial the two cases were consolidated and tried together. It is clear therefore that when the court made its findings as to the specific value of these two items the court was acting within its jurisdiction and the decision of the court in regard to the value is binding. It is true this property was not seized in the action in which the defendant company was surety, so the surety would not

be liable for the return of these two items; but the finding as to its value is conclusive as against collateral attack here. Therefore the defendant surety company's liability can be ascertained easily by a deduction of the value of these two items from the interest of the plaintiff and this certainly is all the surety company can claim.

It is the claim of the defendants the court erred in placing the burden of proof. The court charged the jury that the burden of proof was "upon the defendants to establish that the property was tendered back by the defendant E. R. Bradley, in substantially the same condition that it was at the time he took the same, under his redelivery bond, and that at that time, there was no material deterioration or depreciation in the value of the same." To the same effect the court further charged the jury that if the jury found the property was not so tendered back, "in substantially the same condition that it was then taken . . . under his redelivery bond, and that it had, meanwhile, suffered materially as to value and depreciated as to value," then it would be the duty of the jury to return a verdict for the plaintiff for the amount of its interest.

Under the state of the evidence it was not necessary for the court to submit to the jury the question of acceptance of the property by the plaintiff. Because defendant took possession of the property and afterwards abandoned it so that plaintiff had to see it did not deteriorate further is not acceptance by the plaintiff. The written refusal to accept is in evidence. The answers of the defendants set up the affirmative defense that the property had been returned in as good condition as it was when received. There was an issue as to whether the property was delivered in as good condition. There was an offer of the property to the plaintiff, and a refusal. The general rule is that in claim and delivery where there is the alternative judgment for the plaintiff the defendant must return the property "in substantially the same condition as when taken, and without deterioration in value." 23 R. C. L. 907; Maguire v. Pan-American Amusement Co. 205 Mass. 64, 137 Am. St. Rep. 422, 91 N. E. 135, 18 Ann. Cas. 110. "Plaintiff is not required to accept the property when tendered in a condition substantially depreciated from its condition when reclaimed under the redelivery bond." Hallidie Machinery Co. v. Whidbey Island Sand & Gravel Co. 73 Wash. 403, 45 L.R.A.(N.S.) 40, 131 Pac. 1156.

Thus, though the bond says nothing regarding the condition of the property at the time it would be returned, nevertheless, it must be in substantially as good condition as when received. This court has already held that the duty of showing this is upon the defendant. In Vallancy v. Hunt, 26 N. D. 611, 145 N. W. 132, this court said:

"A party who desires to avoid the penalties of a redelivery bond in replevin must show a delivery or offer of delivery of the property within a reasonable time, in substantially as good condition as when taken, and without material depreciation in value."

. This was a case where the plaintiff had recovered in a claim and delivery proceeding and then commenced a suit against the bondsman. As said in that case (p. 616 [145 N. W. 132]):

"The defendants answered alleging the tender of the property and the costs as a complete defense against the action."

On page 621 (145 N. W. 134) this court said:

"There is not much dispute upon the legal proposition that, in order to avoid the terms of a bond, the defendants must show a return, or offer to return, of the property rebonded in substantially the same condition and without material deterioration in value."

In Anderson v. Phillips, 40 N. D. 586, 592, 169 N. W. 315, this court upheld this rule. The defendants alleged both delivery and acceptance and the burden of proof was upon them as the court stated. The jury found against defendants and the verdict is binding.

There are numerous other errors alleged covering the rulings of the court and the admission of testimony but all practically are arranged under the two main propositions urged by the defendant.

We hold that the surety company is liable for the value of the interest of the plaintiff in the property with interest and costs less the value of the cash register and computing scale as found by the trial court; and that the defendant Bradley is liable for the full amount of plaintiff's interest. The judgment therefore will be modified to the extent of deducting from the judgment against the surety company the value of the computing scale and cash register as found by the court and as so modified the judgment will be affirmed.

Nuessle, Ch. J., and Burke, Birdzell, and Christianson, JJ., concur.